IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               No. 1:15-cr-10018-JDB-5

AMY JUNIOR,

    Defendant.

ORDER DIRECTING CLERK TO OPEN CASE
AND
FILE DOCUMENT

The Defendant, Amy Junior, has filed a document styled "Motion to Amend Judg[]ment & Commitment Order," in which she complains that she is not receiving credit toward her federal sentence for the "8 yrs. and 2 years" she spent in state custody serving related sentences. (Docket Entry ("D.E.") 629.) She requests that the Court "adjust [her] time to reflect the state sentence that is concurrent." (*Id.*)

On March 22, 2016, the Court imposed the following sentence of incarceration:

120 months on Count 1 of the Indictment, to be served concurrently with sentences imposed in Dyer County Circuit Court, Docket Nos. 13-CR-222A and #13-CR-107. The defendant is to be given credit for the 222 days served in those sentences.

(D.E. 378 at PageID 578.)

To the extent the Defendant asks this Court to amend the judgment to specify that her federal sentence is to run concurrently with her state sentences, the request is unnecessary because the judgment already contains that condition. The inmate apparently understands this, as she notes that the Court "sentenced [her] to 120 months, running concurrent with [her] state sentence." (D.E. 629.) The pro se motion is therefore liberally construed, not as seeking an amendment to the

judgment, but as a challenge to the Bureau of Prisons' alleged failure to give her credit for the time she spent in state custody. Such a request is in the nature of a motion under 28 U.S.C. § 2241. *See McCoy v. Stephens*, No. 2:12-cv-02975-STA-cgc, 2014 WL 4809946, at *2 (W.D. Tenn. Sept. 26, 2014) (§ 2241 is proper vehicle for challenging Bureau of Prisons' decision not to apply credits for prior state custody); *Pierce v. United States*, No. 3:12-0121, 2012 WL 1900921, at *2 n.2 (M.D. Tenn. May 24, 2012) (citing *Sutton v. United States,* 172 F.3d 873 (6th Cir. 1998)) ("[A] prisoner's challenge to the execution of his sentence, including the determination of credit[s] . . . must be filed under 28 U.S.C. § 2241.").

Accordingly, the Clerk of Court is DIRECTED to open a new civil action in which the document at D.E. 629 in the present matter is filed as a case-initiating § 2241 petition.

IT IS SO ORDERED this 5th day of April 2019.

                                                 s/ J. DANIEL BREEN
                                                 UNITED STATES DISTRICT JUDGE