IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         No. 1:15-cr-10018-JDB-5

AMY JUNIOR,

      Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

_____

In a judgment entered March 22, 2016, the Defendant, Amy Junior, was sentenced to a period of 120 months' imprisonment, to be followed by three years of supervised release, upon a guilty plea to conspiracy to distribute and possess with intent to distribute actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Docket Entry ("D.E.") 378.)  On June 23, 2020, the Bureau of Prisons ("BOP") transferred her to home confinement.  According to Defendant, she now resides with her husband, Breen Haywood,[1] at 1416 Fairway Drive in Perry, Oklahoma. Before the Court is her pro se motion for a sentence reduction to time served pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 657), as supplemented by appointed counsel (D.E. 665), to which the Government has responded, opposing the relief sought (D.E. 662).  The Court conducted a hearing on the motion on August 25, 2021, during which the undersigned took the testimony of the Defendant.  (D.E. 666.)

Section 3582(c)(1)(A) provides in pertinent part that

_____

[1]Mr. Haywood is no relation to the undersigned.

1

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). Thus, an individual seeking relief under the statute may file a motion thereunder after "(1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).

Attached to the instant motion is a copy of a letter dated April 24, 2020, from Thomas L. Root of Legal Information Services Associates, LLC in Norwalk, Ohio, addressed to the warden of Federal Medical Center Lexington in Lexington, Kentucky, the facility in which Junior had been incarcerated. The letter requested that the warden recommend to the BOP Director that she be considered for compassionate release based on Haywood's medical condition. (D.E. 657-1 at PageID 2415-16.) Although the Government advised the Court in its response that information received from the BOP reflected that, as of July 7, 2021, no reduction in sentence request had been received from Defendant (D.E. 662-1 at PageID 2448-49), it conceded at the hearing that the exhaustion requirement had been satisfied.

There are three substantive requirements that must be met before a district court can grant compassionate release: "(1) district courts must 'find' both that 'extraordinary and compelling reasons warrant a sentence reduction' and that (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' before (3) considering all relevant

sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Harvey*, 996 F.3d 310, 314 (6th Cir. 2021) (per curiam) (brackets omitted) (quoting *Jones*, 980 F.3d at 1101).

The Court will consider the first two elements in tandem. Section 3582(c)(1)(A) itself does not define "extraordinary and compelling." Rather, that task was delegated to the United States Sentencing Commission, which defined the term in its commentary to § 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G."). *United States v. Wills*, 997 F.3d 685, 687 (6th Cir. 2021). While § 1B1.13's commentary has been held not to apply to compassionate release motions brought directly by inmates, as opposed to those filed by the BOP, *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021), and the district courts now have "full discretion to define" the term, *Jones*, 980 F.3d at 1111, it provides useful guidance in deciding the instant motion. In the relevant portion of the commentary, the Sentencing Commission stated that extraordinary and compelling reasons for § 3582 relief exist due to the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Application Note 1(C)(ii).

Haywood, whom Defendant met in approximately 2017 and married in September 2020, is a former Army medic who served thirty years in the United States military, including multiple deployments to Iraq and Afghanistan, during which he was wounded and developed post-traumatic stress disorder. According to his declaration filed as an exhibit to the motion, Haywood suffers from brain injury, short- and long-term memory loss, seizures, degenerative disc disease, and neuropathy in both shoulders. He underwent one brain surgery in 2019 and must have a second, as well as surgeries to replace both shoulders. His wife testified at the hearing that he also needs surgery on both eyes. Haywood is unable to function in crowded spaces; cannot use the gas stove

due to the danger of seizures[2]; has trouble remembering to take his medications and complete personal hygiene chores; and has difficulty dressing and performing tasks involving dexterity, arm strength, and fine motor skills.  He also has a thirteen-year-old daughter who resides with him and attends school virtually.  Haywood has two older children, one residing out of state and the other a student at Oklahoma State University, some thirty to forty minutes from his home in Perry. Defendant testified that Haywood has no other family members nearby who can care for him.  In the event she had to return to prison, she would have to make arrangements for home health services.

The current restrictions of Junior's home confinement require her to submit a schedule every Thursday for the coming week.  She may leave the home to go to work and to spend four hours shopping or spending time with her family outside the residence.  It does not take into account activities such as transporting her husband to medical appointments or therapy.

On this record, the Court finds that Junior has established extraordinary and compelling reasons for early release from home confinement based upon her husband's inability to care for himself and the unavailability of other family members to assume a caretaking role.  While the Court recognizes that one of Haywood's children attends college less than an hour from their home, it is unreasonable to assume that a nineteen-year-old student would be capable of caring for his father, including driving him to medical appointments, while attempting to complete his studies.

The Court must next consider the § 3553 factors, which include, among other things, the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; and the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect

---

[2]Junior conceded in her testimony that, despite being prone to seizures, her husband currently drives himself to medical appointments at the Veterans Administration, which is in Oklahoma City, an hour and a half away from their home.

for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). "[I]n a reduction-of-sentence proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors." *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (quoting *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020)) (internal quotation marks omitted).

According to the Presentence Investigation Report ("PSR"), Defendant's adult criminal convictions include driving without a license, promotion of and initiating a process intended to result in methamphetamine manufacture, writing worthless checks, and possession of drug paraphernalia. In the instant offense, Defendant was involved in a conspiracy in which she engaged in the majority of methamphetamine sales for a major importer of the drug, who was apparently her boyfriend, in Dyersburg, Tennessee. The conspiracy's drug smuggling operation spanned the states of Tennessee, Arkansas, and Missouri. As of July 2021, she had served just over sixty-six percent of her full term. (D.E. 662-1 at PageID 2446.)

Junior has a grown daughter and a teenaged son, both of whom reside in Tennessee. She admitted to the probation officer who prepared the PSR that she had been a "drug addict for years." (PSR ¶ 22.) When arrested for the offense of conviction, she was participating in a residential drug treatment program in Memphis, Tennessee, while on furlough from state custody. Since her transfer to home confinement, Junior has worked as a pet groomer for the past fourteen months and has had no issues with criminality. She has had no positive drug screens and was advised through the supervision process following her transfer to home confinement that further drug treatment was not necessary. By all accounts, she has removed herself from the people and locales associated with her past and has been successful in building a new, positive life that includes

productive work and caring for her impaired husband and his minor child.  The Court further concludes that the time she has already served, in addition to a period of supervised release as extended below, is sufficient to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the Defendant.  Accordingly, the Court finds the § 3553(a) factors favor a reduction in sentence.

Based on the foregoing, Defendant's sentence is hereby REDUCED to TIME SERVED. Her period of supervised release will be extended to four years, the first eight months of which must be served in home confinement.  Otherwise, her supervised release is governed by the conditions set forth in the judgment entered March 22, 2016.  (D.E. 378.)  The Clerk is DIRECTED to terminate D.E. 657 and 665.

IT IS SO ORDERED this 7th day of September 2021.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE